UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MELCHOR HAWKINS, JR., | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-314 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

## MEMEORANDUM AND RECOMMENDATION

Petitioner is an inmate in the Texas Department of Criminal Justice - Criminal Institutions Division ("TDCJ-CID") and currently is incarcerated at the Terrell-Ramsey Unit III in Rosharon, Texas. The actions about which he complains occurred in Jim Wells County, Texas. Proceeding *pro se*, petitioner filed this petition pursuant to 28 U.S.C. §§ 2241 and 2254 on July 23, 2014.[1] The underlying conviction which is the subject of the petition is a 2006 Jim Wells County conviction for four counts of aggravated sexual assault of a child, one count of sexual performance by a child and one count of possession of child pornography. Petitioner claims that his constitutional rights were violated during the trial and appellate proceedings. Respondent filed a motion for summary judgment on October 16, 2014 (D.E. 8). On November 3, 2014 Petitioner responded to the motion to dismiss, moved for injunctive relief and requested an evidentiary hearing (D.E. 9). For the reasons set forth below, it is recommended that

---

[1] Petitioner stated under penalty of perjury that he placed his petition in the prison mail system on July 23, 2014 and it is considered filed as of that date. *See Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998) and Rule 3, Rules Governing Section 2254 Cases.

Respondent's Motion to Dismiss be granted and Petitioner's Application for Habeas

Corpus Relief be dismissed without prejudice because it is second or successive.  It is

further recommended that any request for a Certificate of Appealability be denied.

## BACKGROUND

The Fourth Court of Appeals summarized the facts of Petitioner's case as follows:

In the fall of 2005, the complainant, "Jane Doe," was 12 years old when she began taking karate lessons from Hawkins at his karate studio in Orange Grove, Texas. On December 20, 2005, Jane's mother dropped her and her brother off at the karate studio 15 minutes early.  That evening, Jane was taking a bath when she called her mother in and told her what had happened at karate class that day.  Jane told her mother that Hawkins took her inside a room, kissed her, made her lie down on a mattress and put his penis next to her vagina.  He made Jane put his penis in her mouth and also put his penis "up to her butt."  Hawkins then showed Jane a book entitled "Sexual Poses" and asked her to pick out a position.  Jane told her mother that she believed Hawkins had recorded the incident because there was a video recorder in the room and Jane noticed that the recording light was flashing. Additionally, Hawkins had kissed Jane, and pulled her shirt up and her pants down, during a lesson on December 15, 2005.  Jane's mother immediately called the Orange Grove Police Department; officers arrived at the family's home to take written statements from Jane and her mother.  Jane's mother gathered the clothing Jane had worn that day to give the officers but noticed her underwear was missing. Jane told her mother that Hawkins had told her to leave her underwear under the mattress in the room where he had assaulted her.  Jane was then taken to the hospital for a physical examination.

The next morning, Texas Ranger Robert Garza obtained a search warrant for Hawkins' Orange Grove karate studio.  The search warrant included a warrant for the arrest of Hawkins for the offense of aggravated sexual assault.  Garza's affidavit set forth the following evidence as the subject of the search:

The victim's panties, described as grayish blue and with thin multi-colored pin stripes, suspect's red shirt, a red mattress with accompanying sheets and bedding, a camera and/or video camera along with any recorded media to include VHS tapes and/or digital video disks (DVD), computers and any computer peripherals, to include related computer components including computer tapes and records, magnetic tapes, disks, diskettes, floppy disks and the like, magazine or book with black and white drawings of sexual

poses, forensic and trace evidence to include but not limited to, fingerprints, fibers, body fluids, hairs, blood, and semen.

The affidavit also recited at length the statements Jane and her mother gave to the Orange Grove Police Department.  Upon searching the Orange Grove karate studio, at which Hawkins was not present, police seized a man's red shirt, a maroon mattress, a book entitled *Sexual Positions*, 45 VHS videotapes, and papers containing a roster of karate students; however, Jane's panties and a videotape of the alleged assault against her were not located.  Ranger Garza then learned that Hawkins also maintained a second karate studio in Kingsville, Texas, which was also assumed to be his residence.  Garza traveled to Kingsville to arrest Hawkins. When officers knocked on the door, Hawkins answered and was arrested outside the residence.  Garza asked for consent to search the studio/residence, but Hawkins declined.  Garza then observed a lit candle behind a wicker privacy screen at the entrance of the residence; he informed Garza that the candle would have to be extinguished before they took him away.  Garza accompanied Hawkins inside to blow out the candle, and noticed several VHS tapes and a computer and related equipment.  None of the items were seized at the time.

Thereafter, Garza obtained a second search warrant for Hawkins' studio/residence in Kingsville.  Just like the first warrant, this warrant authorized Garza to search for 'the victim's panties, … a camera and/or video camera along with any recorded media to include VHS tapes and/or digital video disks [sic] (DVD) computers and any computer peripherals to include related computer components. …'  Garza's affidavit for the second search warrant was the same as the previous one, except for the addition of a paragraph detailing the search of the Orange Grove studio:

> On the evening of 12-21-2005, affiant and Orange Grove Police executed a search and arrest warrant at the said suspected party's business…. Evidence was found … that corroborates the victim's written statement…. The victim's panties and the suspected party's video camera [were] not located…. The investigation later revealed that the suspected party was staying at his other place of business and/or residence in Kingsville…. The suspected party was arrested without incident at [the Kingsville studio/residence]…. The affiant was able to observe several VHS tapes and a computer and computer equipment and components at this same location.

On December 22, 2005, officers searched the Kingsville studio/residence pursuant to the second warrant and seized Jane's panties, a VHS tape depicting the sexual assaults upon her, a framed photograph of Jane, and a package of 15 photographs that included 8 photographs of Jane.

*Hawkins v. State*, Nos. 04-06-00630-CR, 04-06-00631-CR, 04-06-00632-CR, 04-06-00633-CR, 04-06-00634-CR, 04-06-00635-CR, 2007 WL 2710009 at *1 (Tex.App.–San Antonio 2007, pet. ref'd )(mem. op., not designated for publication).

Petitioner was tried in front of a jury and convicted of four counts of aggravated sexual assault, sexual performance by a child and possession of child pornography. *Id.* at *1. Petitioner was sentenced to life imprisonment on each of the aggravated sexual assault charges and ten years on each of the other charges. In addition he was fined a total of $60,000. The conviction was affirmed on direct appeal. *Id.* Petitioner sought a petition for discretionary review which was refused on February 13, 2008.

Petitioner filed an application for habeas corpus relief in federal court and it was dismissed without prejudice on March 9, 2007 because Petitioner had not exhausted his state court remedies. *Hawkins v. Lopez*, No. C-06-343 (S.D. Tex. 2007). Petitioner filed a second application for habeas corpus relief in federal court and it, too, was dismissed without prejudice for failure to exhaust state court remedies. *Hawkins v. Quarterman*, No. C-08-104, 2008 WL 2704781 (S.D. Tex. 2008). Petitioner filed a third application for habeas relief in federal court and it was dismissed with prejudice as untimely on February 23, 2012. *Hawkins v. Thaler*, 2:11-CV-00288, 2012 WL 628367 (S.D. Texas 2013).

Petitioner filed the instant application for habeas relief on July 23, 2014 and makes the following arguments: (1) He received ineffective assistance of counsel on appeal when his attorney did not assert all the meritorious grounds for appeal on Petitioner's

behalf; (2)  Petitioner was denied effective assistance of counsel because his attorney abandoned him immediately after the verdict was read and also because Petitioner was forced to appear at a "bench warrant hearing" without counsel; (3) He received ineffective assistance at trial because his attorney failed to object to evidence obtained in violation of the Fourth Amendment of the Constitution, failed to make other relevant objections and failed to move to sever some of the offenses; (4) The indictment in his case was based on perjured Grand Jury testimony and Petitioner should have been appointed counsel during the Grand Jury proceedings.

Respondent argues that Petitioner's cause of action should be dismissed as second or successive pursuant to 28 U.S.C. § 2244(b).[2]  Respondent reserves the right to address the issues of timeliness, exhaustion and procedural bar should it be determined that Petitioner's claim is not successive.  Petitioner responded to the motion to dismiss by moving for injunctive relief and seeking an evidentiary hearing, but did not otherwise respond to the argument that his application is successive.

## **DISCUSSION**

A petition is "second or successive" if it raises a ground that was or could have been raised in an earlier petition, or if it otherwise constitutes an abuse of the writ. *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000).  Pursuant to 28 U.S.C. § 2244(b)(3)(A), before a second or successive application for habeas corpus

---

[2] Respondent claims to have filed the relevant state court records with this Court but they are not found in record.  Nevertheless, it is possible to address Respondent's motion to dismiss without reference to specific state court records.  Should the District Court find that the state court records are necessary for resolution of this case, Respondent will be ordered to produce them.

relief is filed in the district court, the applicant must move in the court of appeals for an order authorizing the district court to consider the application.  "Indeed, the purpose of [§ 2244(b)] was to eliminate the need for the district courts to repeatedly consider the challenges to the same convictions unless an appellate panel first found that those challenges had some merit."  *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)).

Petitioner's first and second habeas petitions were dismissed without prejudice so that he could exhaust his state court remedies.  Because the dismissals were without prejudice, they did not operate to bar Petitioner's instant application as second or successive.  *Strickland v. Thaler*, 701 F.3d 171, 176 (5th Cir. 2012).  However, Petitioner's third application for habeas relief was dismissed with prejudice as untimely.  Because he could have raised the claims he raises now in his third federal petition, the instant application is second or successive.  *In re Flowers*, 595 F.3d 204, 205 (5th Cir. 2009)(per curiam).

This court lacks jurisdiction over a habeas action that is "second or successive."  *See Key*, 205 F.3d at 774; *Hooker v Sivley*, 187 F.3d 680, 681-82 (5th Cir. 1999).  This court may either dismiss the claim without prejudice pending review by a three-judge panel of the Fifth Circuit Court of Appeals, or it may transfer the successive petition to the Fifth Circuit for a determination of whether petitioner should be allowed to file the successive motion in the district court.  *See* 28 U.S.C. §2244 (b)(3)(A).  *See also Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002);  *In re Epps*, 127 F.3d 364, 365

(5th Cir. 1997)(approving practice of transferring successive motions to the Circuit and establishing procedures in the Circuit to handle such transfers).

Because Petitioner has presented neither argument nor evidence indicating that he will be able to make a prima facie showing that his application satisfies the statute, dismissal without prejudice would be more efficient and better serve the interests of justice than a transfer to the Fifth Circuit.   Accordingly, it is recommended that Petitioner's habeas corpus claim be dismissed without prejudice to re-filing if proper authorization from the Fifth Circuit is obtained.

### C.  Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A).   Although petitioner has not yet filed a notice of appeal, the issue of whether he is entitled to a COA will be addressed.   See *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000)(a district court may sua sponte rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court.  Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

Where a district court rejects the constitutional claims on the merits, the petitioner must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  *Slack v. Daniel*, 529 U.S. 473, 484 (2000).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327.

A slightly different standard applies when the claims are dismissed on procedural grounds.  In that instance, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 120 S.Ct. at 1604.

In Petitioner's case, it is recommended that his claims be dismissed on procedural grounds.  Reasonable jurists would not find it debatable that Petitioner's claims are second or successive and that this court lacks jurisdiction to hear them.  Nor would jurists of reason debate whether the petition states a valid claim of the denial of a constitutional right.  Therefore it is further recommended that any request for a COA be denied because he has not made the necessary showing for issuance of a COA.

## **RECOMMENDATION**

Based on the foregoing, it is respectfully recommended that Respondent's motion to dismiss (D.E. 8) be GRANTED.  Petitioner's application for habeas corpus relief should be DISMISSED without prejudice because it is second or successive and this

Court lacks jurisdiction to hear it.  Petitioner's motion for injunctive relief and for an evidentiary hearing (D.E. 9) should be DENIED.  It is further recommended that a Certificate of Appealability be DENIED.

Respectfully submitted this 27th day of February, 2015.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).