UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MELCHOR HAWKINS JR., | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-314 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court is Respondent William Stephens's motion to dismiss (D.E. 8), seeking dismissal of Petitioner Melchor Hawkins, Jr.'s Petition for Writ of Habeas Corpus which was filed pursuant to 28 U.S.C. §§ 2241 and 2254 (D.E. 1). On February 27, 2015, United States Magistrate Judge B. Janice Ellington issued her Memorandum and Recommendation ("M&R") (D.E. 11), recommending that Respondent's motion be granted because it is second or successive and that a Certificate of Appealability be denied. This Court received Petitioner's objections (D.E. 12) on March 16, 2015. Petitioner's objections, in large part, reiterate his habeas petition arguments without identifying any particular claimed error in the M&R and do not respond to the conclusion that his application is successive. The Court has construed Plaintiff's objections liberally and was able to discern only one specific objection.

Petitioner objects to the M&R's recommendation to dismiss his application without prejudice and asks this Court to stay the proceedings so that he can seek permission from the Fifth Circuit Court of Appeals to file a second or successive petition.

D.E. 11, p. 2. As the Magistrate Judge explained, this Court may either dismiss the claim without prejudice pending review by a three-judge panel of the Fifth Circuit or it may transfer the successive petition to the Fifth Circuit for a determination of whether petitioner should be allowed to file the successive motion in the district court. D.E. 11, pp. 6-7.

The Court agrees with the Magistrate Judge's finding that dismissal without prejudice would be more efficient and would better serve the interest of justice than a transfer to the Fifth Circuit because Petitioner has presented neither argument nor evidence indicating that he will be able to make a prima facie showing that his application will satisfy the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See* 28 U.S.C. § 2244(b)(2), (b)(3)(C). Moreover, because this Court does not have jurisdiction to hear Petitioner's claim, it is without authority to enter a stay of the proceedings. *See United States v. Key*, 205 F.3d 773, 775 (5th Cir. 2000); *Childress v. Quarterman*, 2007 WL 2964336, at *3 (S.D. Tex. Oct. 7, 2007) (denying petitioner's motion to stay his successive habeas corpus petition for lack of jurisdiction). Consequently, Petitioner's objection is **OVERRULED**.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's M&R (D.E. 11), as well as Petitioner's objection, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's M&R to which the objection was specifically directed, this Court **OVERRULES** Petitioner's objection and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, Respondent's motion to dismiss

(D.E. 8) is **GRANTED** and this action is **DISMISSED** without prejudice.  In the event that Petitioner seeks a Certificate of Appealability, the request is **DENIED.**

ORDERED this 17th day of June, 2015.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE